IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., by and through his parent and guardian ad litem, T.C. and T.C. individually,<br><br>Plaintiffs,<br><br>v.<br><br>OAKDALE JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | 1:11-CV-01112 AWI DLB<br><br>ORDER VACATING OCTOBER 31, 2011 HEARING DATE AND ORDER FOR SUPPLEMENTAL BRIEFING |

Currently pending before this Court is Defendants' motion to dismiss. This motion is set for hearing on October 31, 2011, at 1:30 p.m. in Courtroom 2.

The Court has reviewed the papers and has determined that the majority of issues are suitable for decision without oral argument or further briefing. See Local Rule 230(g). However, the Court concludes that supplemental briefing is necessary regarding the following issue.

Defendants move to dismiss Plaintiffs' second and third causes of action, which were brought under the American with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. Specifically, Defendants argue that Plaintiffs failed to exhaust their administrative remedies as required by the Individuals with Disabilities Education Act ("IDEA"). The Ninth

Circuit has recently clarified that "IDEA's exhaustion provision applies *only* in cases where the relief sought by a plaintiff in the pleadings is available under the IDEA." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 871 (9th Cir. 2011) (emphasis added).  Thus, the Ninth Circuit concluded that exhaustion is required when (1) a plaintiff seeks an IDEA remedy or its functional equivalent; (2) a plaintiff seeks prospective injunctive relief to alter an Individual Education Program ("IEP") or the educational placement of a disabled student; or (3) a plaintiff is seeking to enforce rights that arise as a result of a denial of a free appropriate public education ("FAPE"), whether pled as an IDEA claim or any other claim that relies on the denial of a FAPE to provide the basis for the cause of action.  Id. at 875.

In their reply brief, Defendants argue that Plaintiffs' second and third causes of action seek relief that requires IDEA exhaustion.  With respect to the second cause of action, Defendants assert that Plaintiffs' second cause of action requests damages and injunctive relief that could have been obtained under IDEA.  Reply at 8:8-16, Doc. 24 at 8.  With respect to the third cause of action, Defendants argue that Plaintiffs are bringing a Section 504 cause of action premised on the denial of FAPE, which requires IDEA exhaustion.  Id. at 7:23-24, Doc. 24 at 7.

Plaintiffs' Complaint does not explicitly tie each cause of action to a form of requested relief.  Therefore, it is unclear the exact relief that the second and third causes of action are seeking to redress.  In the "Prayer for Relief" section of the Complaint, Plaintiffs seek (1) an order reversing the Office of Administrative Hearing's decision regarding all issues subject to this appeal; (2) compensatory education, reimbursement for private assessments and services and future educational services; (3) declaratory and injunctive relief; (4) damages according to proof; (5) Plaintiffs' reasonable attorneys' fees and costs; and (6) such other and further relief as the Court deems just and proper.  Complaint at 16, Doc. 2 at 16.

In the second cause of action, Plaintiffs allege:

> 55. Defendant's conduct violated the ADA in that Plaintiff D.C. who is a student with a qualified disability, was either not provided programs, services and activities that were provided to non-disabled students, or was provided programs, services and activities that were not equal to, and are inferior to the services provided to

       students who are not disabled.  Plaintiff D.C. was in fact physically and emotionally harmed by Defendant's employees who used unnecessary and harmful restraint techniques which amounts to disability discrimination.  [Plaintiff D.C.'s] parents suffered from emotional distress due to the actions of the District and its employees that constituted disability discrimination.

56.    Defendant's conduct violated and continues to violate the ADA and unless restrained from doing so, Defendants will continue to violate said law.  Said conduct, unless enjoined will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

57.    Consequently, Plaintiffs are entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. Section 12188).  Plaintiffs are also entitled to reasonable attorneys' fees and costs.

Complaint at ¶¶ 55-57.  The second cause of action is unclear whether Plaintiff D.C. is seeking damages to compensate him for physical and emotional harm suffered as a result of not receiving an adequate education or whether he is seeking damages as a result of physical and emotional harm suffered as a result of the Defendants using "unnecessary and harmful restraint techniques." In addition, the second cause of action is unclear as to whether the "emotional distress" of Plaintiff D.C.'s parents stem from their concern that D.C. was not receiving an adequate education and whether Plaintiffs are seeking an injunction to force Defendants to provide a FAPE.

In the third cause of action, Plaintiffs allege:

61.    Plaintiff D.C. is a qualified individual with a disability.

62.    Defendant unlawfully discriminated against Plaintiff [D.C.] on the sole basis of disability.

63.    Solely by reason of his disability, Plaintiff [D.C.] has been excluded from participation in, denied the benefit of, and subjected to discrimination in his attempts to receive full and equal access to the facilities, programs, services and activities offered by Defendant.

Complaint at ¶ 61-63.  Plaintiffs allege that the "physical and emotional injuries, stress and anxiety D.C. endured as a result of these actions denied him *meaningful access to an appropriate education*." Id. at ¶ 65 (emphasis added).  Plaintiffs further allege that Plaintiff D.C.'s parents "suffered from emotional distress due to the actions of the District and its employees that

3

constituted disability discrimination." Id. at ¶ 66. From the allegations, it appears that Plaintiffs may be alleging that they suffered damages as a result D.C.'s denial of a FAPE.

The Court directs Plaintiffs to address and explain (1) the exact relief they are seeking in their second and third causes of action; (2) whether the specific relief Plaintiffs are seeking in the second and third causes of action is available under IDEA; (3) whether Plaintiffs are seeking prospective injunctive relief to alter D.C.'s IEP or the educational placement of D.C.; and (4) whether Plaintiffs' second and third causes of action are seeking to enforce rights that arise as a result of the denial of a FAPE.

Accordingly, IT IS HEREBY ORDERED that:

1. The previously set hearing date of October 31, 2011, is VACATED, and the parties shall not appear at that time;

2. On or before November 4, 2011, Plaintiffs shall file supplemental briefing consistent with this order;

3. On or before November 11, 2011, Defendants may file a reply brief to Plaintiffs' supplemental brief; and

4. After receipt of the supplemental briefs, the Court will take the matter under submission, and will thereafter issue its decision.

IT IS SO ORDERED.

Dated:     October 26, 2011

CHIEF UNITED STATES DISTRICT JUDGE