IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., by and through his parent and guardian ad litem, T.C. and T.C. individually,<br><br>     Plaintiffs,<br><br>   v.<br><br>OAKDALE JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>     Defendants. | 1:11-CV-01112 AWI DLB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>[Doc. #11] |

## INTRODUCTION

On July 1, 2011, Plaintiff D.C., a minor, by and through his parent, T.C. and T.C. individually (collectively "Plaintiffs") filed a Complaint against the Oakdale Joint Unified School District ("the District") and several of its employees. In their Complaint, Plaintiffs bring claims under (1) the Individuals with Disabilities Education and Improvement Act ("IDEA"); (2) the Americans with Disabilities Act; (3) Section 504 of the Rehabilitation Act of 1973; and (4) 42 U.S.C. § 1983. On August 17, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In their motion, Defendants seek to dismiss Plaintiffs' second and third causes of action, arguing that Plaintiffs failed to exhaust their administrative remedies as required by IDEA. The

Ninth Circuit has recently clarified that IDEA's exhaustion requirement is not jurisdictional, but is an affirmative defense that can be raised in an unenumerated Rule 12(b) motion to dismiss. Payne v. Peninsula Sch. Dist., 653 F.3d 863, 881 (9th Cir. 2011). The Court will therefore address the substance of Defendants' motion as if it were pled as an affirmative defense pursuant to an unenumerated Rule 12(b) motion to dismiss. In addition, in their supplemental brief, Defendants seek to dismiss Plaintiffs' second cause of action based on mootness. The Court will address this argument as if it were pled pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion will be granted.

## LEGAL STANDARD

A.   Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must not be disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A challenge to jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Thus, the Court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted). Furthermore, when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

B.   Unenumerated Rule 12(b) Motion to Dismiss

Exhaustion under IDEA can be raised as an affirmative defense in an unenumerated Rule 12(b) motion to dismiss. Payne, 653 F.3d at 881. "Generally, in entertaining an unenumerated

motion to dismiss, 'the court may look beyond the pleadings and decide disputed issues of fact.'" Id. (citation omitted). The Court may therefore decide disputed issues of fact to the extent they are necessary in deciding whether a plaintiff has adequately exhausted available administrative remedies. Id. "Unlike a judgment on the merits, a plaintiff's failure to exhaust administrative remedies should result in a dismissal without prejudice." Id. (citation omitted).

## DISCUSSION

1.  Plaintiffs' second cause of action is moot.

In their second cause of action, Plaintiffs bring a claim pursuant to the Americans with Disabilities Act ("ADA"). Plaintiffs allege that D.C. has a qualified disability under the ADA and was discriminated against by the District and its employees when Defendants used unnecessary and harmful restraint techniques against D.C. Complaint at ¶ 55. Plaintiffs clarify in their supplemental brief that the sole relief Plaintiffs are seeking in their second cause of action is an injunction to stop the continued use of unnecessary and harmful restraint techniques. Plaintiffs' supplemental brief at 2, Doc. 29 at 2. Plaintiffs also state in their supplemental brief that D.C. no longer resides within the boundaries of the District. Id. at 4, Doc. 29 at 4.

Defendants argue in their supplemental brief that Plaintiffs' second cause of action is moot. Defendants' supplemental brief at 5, Doc. 30 at 5. Defendants contend that since Plaintiffs admit that they no longer live within the boundaries of the District, the second cause of action is moot because there is no longer a live case or controversy. Id.

"A federal court's Article III power to hear disputes extends only to live cases or controversies. A request for injunctive relief remains live only so long as there is some present harm left to enjoin." C.F. v. Capistrano Unified Sch. Dist., 647 F. Supp. 2d 1187, 1195 (C.D. Cal. 2009) (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Renne v. Geary, 501 U.S. 312, 320-21 (1991). "Once the movant is no longer in harm's way, a motion for an injunction becomes moot." C.F., 647 F. Supp. 2d at 1195

(citation omitted).

For example, in C.F., a student brought an action against a school district and teacher alleging that the teacher's in-class comments were hostile to religion in violation of the Establishment Clause. Id. at 1190.  The Central District of California concluded that the student's request for injunctive relief was moot because the student was no longer in the teacher's class and therefore no longer had a personal stake in an injunction to prevent the teacher from making certain statements in his classroom. Id. at 1195.  The court stated that "[a]ny such statements would have no direct effect" on the student. Id.; see also Craig v. Boren, 429 U.S. 190, 192 (1976) (concluding that plaintiff's request for an injunction against enforcement of an alcohol consumption restriction applicable only to males aged 18 to 20 became moot once the plaintiff turned 21); Ringgold v.United States, 553 F.2d 309, 310 (2d Cir. 1977) (holding that a cadet's suit to enjoin a military academy's application of the honor code against him became moot when he resigned from the academy).

Similarly, in this case, Plaintiffs have conceded that they no longer reside within the boundaries of the District.  Thus, Plaintiffs have not established that there is a present harm that D.C. will be subjected to the restraint techniques.  Therefore, the Court concludes that Plaintiffs' request for an injunction in their second cause of action is moot.  In any amended complaint, Plaintiffs may attempt to establish why there still is a present case or controversy with respect to their second cause action.

2. Plaintiffs did not exhaust their administrative remedies with respect to their third cause of action prior to filing their Complaint.

A. IDEA exhaustion was required for Plaintiffs' third cause of action.

Defendants move to dismiss Plaintiffs' third cause of action, which is brought under Section 504 of the Rehabilitation Act of 1973.  Defendants argue that Plaintiffs failed to exhaust their administrative remedies as required by IDEA. Motion at 5, Doc. 11-1 at 5.

"The IDEA was enacted to protect children with disabilities and their parents by requiring

participating states to provide a free appropriate public education that emphasizes special education and related services designed to meet disabled students' unique needs and prepare them for further education, employment, and independent living." Payne, 653 F.3d at 871 (citation omitted).  The IDEA provides "administrative appeal procedures to be pursued before seeking judicial review." Hoeft v. Tuscon Unified Sch. Dist., 967 F.2d 1298, 1302 (9th Cir. 1992).  Although the IDEA is not the exclusive remedy for children with disabilities, the exhaustion requirement of the IDEA explicitly applies to "other Federal laws protecting the rights of children with disabilities," including Section 504 claims. See 20 U.S.C. § 1415(l); Payne, 653 F.3d at 875.  Specifically, the IDEA exhaustion provision states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l).

Thus, the Ninth Circuit has concluded that exhaustion is required when (1) a plaintiff seeks an IDEA remedy or its functional equivalent; (2) a plaintiff seeks prospective injunctive relief to alter an Individual Education Program ("IEP") or the educational placement of a disabled student; or (3) a plaintiff is seeking to enforce rights that arise as a result of a denial of a free appropriate public education ("FAPE"), whether pled as an IDEA claim or any other claim that relies on the denial of a FAPE to provide the basis for the cause of action. Payne, 653 F.3d at 875.

The key inquiry in this case becomes whether Plaintiffs are basing their third cause of action on a denial of FAPE.  In their supplemental brief, Plaintiffs maintain that their third cause of action can be decided absent a finding of a denial of a FAPE. Plaintiffs' supplemental brief at 5, Doc. 29 at 5.  Plaintiffs state that their third cause of action is based on (1) Defendants use of

5

unnecessary and harmful restraint techniques that it does not use with non-disabled peers; and (2) Defendants discriminating against Plaintiffs by requiring a waiver of Plaintiffs' legal rights in exchange for an appropriate placement, services and independent assessments. Id. (citing to Complaint at ¶ 44). Plaintiffs contend that Defendants' actions resulted in D.C. being "provided with an unequal education compared with his non-disabled peers, in that they were not subjected to and did not have their education adversely impacted by this type of treatment from their District staff." Id.

The Court disagrees with Plaintiff and concludes that they are alleging a denial of a FAPE. A FAPE under § 504 requires education and services "designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met." See 34 C.F.R. § 104.33(b)(1). In their third cause of action, Plaintiffs allege that Defendants "provided [D.C.] with an unequal education compared with his non-disabled peers, in that they were not subjected to and did not have their education adversely impacted by this treatment from their District staff." Complaint at ¶ 65. Plaintiffs further allege that Defendants' actions "denied [D.C.] meaningful access to an appropriate education." Id. at ¶ 65. Thus, Plaintiffs are alleging that Defendants failed to provide Plaintiffs with a § 504 FAPE because Defendants did not meet the individual educational needs of D.C. as adequately as the needs of nonhandicapped persons. See Mark H. v. Lemahieu, 513 F.3d 922, 933 (9th Cir. 2008) (stating that "FAPE under § 504 is defined to require a comparison between the manner in which the needs of disabled and non-disabled children are met, and focuses on the 'design' of a child's educational program"). Therefore, IDEA exhaustion applies to Plaintiffs' third cause of action.

      B.      Plaintiffs did not raise the issue of disability discrimination during their administrative proceeding prior to filing their Complaint.

In this case, on May 11, 2010, Plaintiffs filed a Request for Due Process with the Office of Administrative Hearing ("OAH"). Complaint at ¶ 47. This followed a Request for Due Process filed by the District. Id. OAH held a hearing regarding both complaints on December 6-

9, 2010 and on January 18-20, 2011. Id. at ¶ 48. On April 5, 2011, after consideration of the evidence and the parties written closing briefs, the Administrative Law Judge ("ALJ") found that Plaintiffs did not prevail on any issue raised by Plaintiffs or the District. Id. at ¶ 49. The ALJ declared the District the prevailing party on all issues. Id. It is undisputed that Plaintiffs did not raise allegations of disability discrimination during these administrative proceedings. Loughrey declaration at Exhibit A and B, Doc. 23-2 at 1-16 and Doc. 23-3 at 1-17. Subsequently, on July 1, 2011, Plaintiffs filed the present action, which included their third cause of action that had not been exhausted. Accordingly, Defendants' motion to dismiss Plaintiffs' third cause of action is GRANTED without prejudice.

Plaintiffs raise issues in their opposition that show that amendment to their third cause of action would not be futile. Plaintiffs state that after Defendants filed their motion to dismiss the second and third causes of action on August 17, 2011, Plaintiffs filed a second Due Process complaint with OAH on September 6, 2011. Opposition at 4, Doc. 23 at 4. In their second Due Process complaint, Plaintiffs specifically raised claims under the ADA, Section 504 and 42 U.S.C. § 1983. Id. On September 15, 2011, Defendants filed a Motion to Strike the second Due Process complaint. Id. On September 21, 2011, OAH issued an order granting Defendants' Motion to Strike and dismissing the entire Due Process complaint upon the finding that OAH did not have jurisdiction to entertain claims under the ADA, Section 504 or 42 U.S.C. § 1983. The Court notes that at least one federal district court in California has concluded that a claim is exhausted under IDEA when the OAH dismisses a claim for lack of jurisdiction. See Y.G. v. Riverside Unified School District, 774 F. Supp. 2d 1055, 1062 (C.D. Cal. 2011). Therefore, Plaintiffs are granted leave to amend their third cause of action.

/ / /

/ / /

/ / /

# CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiffs' second and third causes of action is GRANTED consistent with this order. Any amended complaint must be filed within twenty-one (21) days of the filing of this order.

IT IS SO ORDERED.

Dated:   November 17, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE