IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., by and through his parent and guardian ad litem, T.C.; and T.C., individually,<br><br>     Plaintiffs,<br><br>  v.<br><br>OAKDALE JOINT UNIFIED SCHOOL DISTRICT et al.,<br><br>     Defendants. | 1:11-cv-01112-AWI-DLB<br><br>ORDER RE: MOTION TO DISMISS<br><br>(Docs. 38-38-2) |

## I. INTRODUCTION

Defendants Oakdale Joint Unified School District, Katie Craig, Stephanie Hicks, Kathleen Jenkins, Larry Mendonca, Julie Minabe, Rhonda Duarte, Shauna Rico and Cinnamon Simpson have filed a motion to dismiss the second and third causes of action in the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For reasons discussed below, Defendants' motion to dismiss the second cause of action shall be granted without leave to amend; Defendants' motion to dismiss the third cause of action shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On December 15, 2011, plaintiffs D.C., by and through his guardian ad litem, T.C., and T.C.,

individually ("Plaintiffs"), filed their first amended complaint (FAC) against defendants Oakdale Joint Unified School District ("OJUSD"), Katie Craig, Stephanie Hicks, Kathleen Jenkins, Larry Mendonca, Julie Minabe, Rhonda Duarte, Shauna Rico, Cinnamon Simpson (collectively, "Defendants") and Does 1 through 10, asserting causes of action for (1) violation of the Individuals with Disabilities Education and Improvement Act (IDEA), 20 U.S.C. §§ 1415 et seq., (2) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., (3) violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. and (4) violation of 42 U.S.C. § 1983.  The first three causes of action were asserted against OJUSD, the fourth against the individual defendants.  On December 15, 2011, Defendants filed a motion to dismiss the second and third causes of action in the FAC.  On January 16, 2012, Plaintiffs filed their opposition to Defendants' motion.  On January 23, 2012, Defendants filed their reply to Plaintiffs' opposition.

### III.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6).  "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court is not required to accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject

to judicial notice, unwarranted deductions of fact or unreasonable inferences.  *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment."  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

A party may also move to dismiss a claim for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v. Communities for a Better Environment,* 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other ground by *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1186, 175 L.Ed.2d 1029 (2010)).  " 'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) . . . .' "  *Robinson v. U.S.,* 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a factual attack on jurisdiction, a district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'  '[N]o presumptive  truthfulness attaches to plaintiff's allegations.' "  *Robinson, supra,* 586 F.3d at 685.  Because mootness "pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under" Rule 12(b)(1), not 12(b)(6).  *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).

## IV.  DISCUSSION

*1. Plaintiffs' second cause of action (violation of the ADA)* – As a threshold matter, Defendants move to dismiss the second cause of action for violation of the ADA.  Under this cause of action,

Plaintiffs, incorporating previous allegations by reference, allege as follows:

> "58. [OJUSD's] conduct violated the ADA in that Plaintiff D.C. who is a student with a qualified disability, was either not provided programs, services and activities that were provided to non-disabled students, or was provided programs, services and activities that were not equal to, and are inferior to the services provided to students who are not disabled. Plaintiff D.C. was in fact physically and emotionally harmed by Defendants' employees who used unnecessary and harmful restraint techniques which amounts to disability discrimination."

Plaintiffs further allege:

> "59. [OJUSD's] conduct violated and continues to violate the ADA and unless restrained from doing so, Defendants will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Although Plaintiff does not currently reside within the bounds of Oakdale Joint Unified School District, it is possible that he may return to the city of Oakdale to live in the future and again attend a public school within Oakdale Joint Unified School District. Plaintiff's grandfather lives within the bounds of Oakdale Joint Unified School District, further increasing the likelihood of returning to Oakdale in the near future . . . . [¶] 60. Consequently, Plaintiffs are entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. Section 12188)."

Defendants contend the claim should be dismissed because the request for injunctive relief pursuant to the ADA is moot, given plaintiff D.C. no longer lives or attends school within OJUSD.

"The case or controversy requirement of Article III restricts federal court jurisdiction to 'disputes capable of judicial resolution.' " *Smith v. T-Mobile USA Inc.,* 570 F.3d 1119, 1122 (9th Cir. 2009) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)). "Like standing, the case or controversy requirement . . . also underpins the mootness doctrine. Whereas standing is evaluated by the facts that existed when the complaint was filed, '[m]ootness inquiries, however, require courts to look to changing circumstances that arise after the complaint is filed.' " *American Civil Liberties Union of Nevada v. Lomax,* 471 F.3d 1010, 1016 (9th Cir. 2006) (quoting *Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir. 2001)). "To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.' " *Abdala v. I.N.S.,* 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin,* 243 F.3d 1174, 1177 (9th Cir. 2001)). "A case becomes moot, and incapable of judicial resolution, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Smith, supra,* 570 F.3d at 1122 (citing

4

*Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)).  Thus, "where there is 'no reasonable . . . expectation that the alleged violation will recur,' and where 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation,' the case is moot."  *America Cargo Transport, Inc. v. U.S.,* 625 F.3d 1176, 1179 (9th Cir. 2010) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 613, 99 S.Ct. 1379, 59 L.Ed.2d 242 (1979)).

In its previous order granting Defendants' motion to dismiss the second cause of action in Plaintiffs' original complaint with leave to amend, the Court observed: "Plaintiffs have conceded that they no longer reside within the boundaries of [OJUSD].  Thus, Plaintiffs have not established that there is a present harm that D.C. will be subjected to the restraint techniques.  Therefore, the Court concludes that Plaintiffs' request for an injunction in their second cause of action is moot.  In any amended complaint, Plaintiffs may attempt to establish why there still is a present case or controversy with respect to their second cause of action."  *D.C. ex rel. T.C. v. Oakdale Joint Unified School Dist.,* slip copy, 2011 WL 5828187, at *2 (E.D.Cal. November 18, 2011).  Having reviewed the FAC in its entirety, the Court finds Plaintiffs have failed to rectify the mootness issue.  By their own admission, Plaintiffs have moved outside the geographical bounds of OJUSD, and D.C. no longer attends school in OJUSD.  As a result, there can be no present case or controversy between D.C. and OJUSD regarding Defendants' alleged use of improper restraint techniques.  To the extent Plaintiffs seek to enjoin OJUSD from providing disabled students with programs, services and activities that are not equal or inferior to those provided to non-disabled students, the request for relief is likewise moot, as D.C., having left OJUSD, can no longer avail himself of such relief.  Plaintiffs have not alleged a real or immediate threat of irreparable injury that would warrant an injunction, nor have they expressed a desire or intention to re-enroll D.C. at OJUSD in the future.  Thus, adjudication of this cause of action in favor of Plaintiffs would not inure to their benefit.[1]

---

[1] Where a plaintiff requests monetary damages, a claim may remain justiciable even if an accompanying request for injunctive relief is moot (e.g., because the alleged misconduct underlying the claim has ceased).  *See Doe v. Madison School Dist. No. 321,* 177 F.3d 789, 798 (9th Cir. 1999); *Memmer v. Marin County Courts,* 169 F.3d 630, 632 n. 3 (9th Cir. 1999).  Plaintiffs have not

Citing *Honig v. Doe,* 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), Plaintiffs contend that because they *might* return to OJUSD in the future, this case is nonetheless "capable of repetition, yet evading review." A case that is otherwise moot may remain justiciable if it "falls . . . within the 'capable of repetition, yet evading review' exception to the mootness doctrine." *American Civil Liberties Union of Nevada v. Lomax,* 471 F.3d 1010, 1017 (9th Cir. 2006). However, the exception applies only when "(1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a 'reasonable expectation' that the same parties will be subjected to the same offending conduct." *Demery v. Arpaio,* 378 F.3d 1020, 1026 (9th Cir. 2004) (citing *Spencer v. Karma,* 523 U.S. 1, 17-18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)); cf. *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Plaintiffs have failed to establish a reasonable expectation D.C. will again be subjected to the misconduct alleged to have been perpetrated by Defendants under the second cause of action.

As noted above, Plaintiffs allege D.C. could conceivably return to the city of Oakdale and attend public school in OJUSD, although he does not currently reside within the boundaries of OJUSD. Plaintiffs further allege that D.C.'s grandfather lives within the boundaries of OJUSD, increasing the likelihood of D.C.'s possible return. From this, Plaintiffs contend there is a reasonable expectation D.C. will once again be subjected to Defendants' alleged misconduct. The Court disagrees. At most, the allegations establish a *possibility* D.C. may return to OJUSD to attend school, with a concomitant *possibility* he may again be subjected to Defendants' alleged misconduct. Problematically for Plaintiffs, "a mere physical or theoretical possibility" does not rise to the level of a reasonable expectation. *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). In addition, because Plaintiffs have conceded they no longer live within the boundaries of

---

requested damages under the second cause of action.

6

OJUSD, Defendants' attack on jurisdiction is essentially a factual one.  Therefore, Plaintiffs' burden of proving jurisdiction requires them to provide competent evidence establishing a reasonable expectation D.C. will be subjected to the same offending conduct.  That was not done here.  While Plaintiffs contend D.C. would necessarily be subjected to Defendants' misconduct immediately upon his return to OJUSD, nothing in the record suggests Plaintiffs will re-enroll, intend to re-enroll or are even thinking of re-enrolling D.C. in OJUSD.  The possibility D.C. may return to the city of Oakdale and attend school in OJUSD is simply too speculative to warrant injunctive relief.

*Honig,* the case cited in the opposition, is of no assistance of Plaintiffs.  In *Honig*, school officials suspended two emotionally disturbed students, John Doe and Jack Smith, for violent and disruptive behavior related to their disabilities and instituted expulsion proceedings against them. *Honig, supra,* 484 U.S. at 312-13.  Doe sued the officials and the school district, alleging the suspension and proposed expulsion violated his right to a free appropriate public education (FAPE) provided in accordance with the procedures set forth in the Education of the Handicapped Act of 1975 (EHA), the precursor to the IDEA.  After learning of Doe's suit, Smith sought and obtained leave to intervene.  *Id*. at 314, 315-16.  The district court granted summary judgment in favor of the plaintiffs as to the EHA claims and issued a permanent injunction preventing the school district from taking disciplinary action against a disabled child for disability-related behavior other than a 2- or 5-day suspension or changing any aspect of such child's education placement during the pendency of EHA proceedings without parental consent.  The court enjoined the State of California from unilaterally authorizing placement changes and ordered it to either establish an EHA-compliance monitoring system or enact guidelines for disability-related conduct.  The court further ordered the State to provide educational services directly to disabled children if the local educational agency was unable or unwilling to do so.  *Id.* at 316.  The Ninth Circuit affirmed with modifications.  *Id*.

On oral argument before the Supreme Court, the petitioner, California Superintendent of Public Instruction Bill Honig, argued for the first time the case was moot.  *Honig, supra,* 484 U.S. at 319.  The court agreed it was moot as to Doe: "Respondent John Doe is now 24 years old and,

accordingly, is no longer entitled to the protections and benefits of the EHA, which limits eligibility to disabled children between the ages of 3 and 21. [Citation.] It is clear, therefore, that whatever rights to state educational services he may yet have as a ward of the State, [citation], the Act would not govern the State's provision of those services, and thus the case is moot as to him."  However, the court concluded the case was not moot as to Smith: "Respondent Jack Smith . . . is currently 20 and has not yet completed high school.  Although at present he is not faced with any proposed expulsion or suspension proceedings, and indeed no longer even resides within the [San Francisco Unified School District], he remains a resident of California and is entitled to a 'free appropriate public education' within that State . . . . Given Smith's continued eligibility for educational services under the EHA, the nature of his disability, and petitioner's insistence that all local school districts retain residual authority to exclude disabled children for dangerous conduct, we have little difficulty concluding that there is a 'reasonable expectation,' [citation], that Smith would once again be subjected to a unilateral 'change in placement' for conduct growing out of his disabilities were in not for the statewide injunctive relief issued below." *Id*. at 318-19.  In particular, the court found that Smith's inability "to conform his conduct to socially acceptable norms" or "govern his aggressive, impulsive behavior" made it likely that he would "again engage in the type of misconduct that precipitated [the] suit," thereby subjecting himself "to the same unilateral school action for which he initially sought relief" regardless of the school district in which he might enroll. *Id*. at 320-21.  The court further reasoned because (1) it was "the lack of a state policy governing local school responses to disability-related misconduct [that] led to, and would continue to result in, EHA violations" and (2) the petitioner had urged the court to hold that all "local school districts retain unilateral authority under the EHA to suspend or otherwise remove disabled children for dangerous conduct," Smith "would be faced with a real and substantial threat of such action in any California school district" were it not for the statewide injunction issued by the district court. *Id*. at 321-22.

In their opposition, Plaintiffs contend D.C. stands in exactly the same position as Smith.  Not so.  The fact that Smith still lived *in the state* and, given his condition, would likely have faced

8

changes to his educational placement at *any school district in the state* meant his claim was "capable

of repetition, yet evading review," even though he no longer lived in or attended school in the district

where the alleged misconduct occurred.   *Honig, supra,* 484 U.S. at 320-22.   In other words, the

statewide policies at issue in *Honig* created a reasonable expectation the alleged misconduct would

recur even if Smith never re-enrolled in the offending district.   Plaintiffs, by contrast, are challenging

only a district-wide policy and requesting injunctive relief as to only one district.   They have not

challenged any statewide policy, nor have they alleged the misconduct occurring at OJUSD could

potentially be perpetrated against D.C. by officials at another school district in California.   Therefore,

the only way the alleged misconduct in this case could reasonably be expected to recur under *Honig*

is if Plaintiffs could reasonably be expected to physically reside within the geographic boundaries

of OJUSD or re-enroll D.C. at a school in OJUSD.[2]   Again, nothing suggests Plaintiffs intend to re-

enroll D.C. in OJUSD.   Plaintiffs no longer reside within the boundaries of OJUSD, and nothing

---

[2] *Honig* confirms that the calculus for "reasonable expectation" of recurrent misconduct, as it pertains to the alleged denial of educational services constituting a FAPE, involves questions not only of whether (a) the student will return to a public school, but whether (b) the student is likely to re-engage in the type of behavior that triggered the school officials' actions in the first place and (c) officials are likely to take such actions against the student in the future.   *See Honig, supra,* 484 U.S. at 318-22.   The gravamen of Plaintiffs' complaint is Defendants denied D.C. a FAPE for the 2008-2009 and 2009-2010 school years by failing to provide him with certain educational assessments and services or implement an appropriate behavioral and educational plan.   D.C. is now several years older than he was at the time of the alleged violations, and, although it appears he does not currently attend school, would presumably be placed in a higher grade level.   Plaintiffs have presented no argument or evidence to suggest the services D.C. allegedly required in 2008-2010 would be required again some time in the future, regardless of his age or level of schooling.   At least one circuit has held a request for relief enjoining violations similar to those alleged here becomes moot as the plaintiff progresses through school.   *See Brown v. Bartholomew Consol. School Corp.,* 442 F.3d 588, 599-600 (7th Cir. 2006).   Plaintiffs further allege Defendants discriminated against D.C. in November 2009 by restraining him in a harmful and unnecessary manner.   The FAC suggests D.C. was restrained for behavioral problems related to ADHD and explosive disorder.   But Plaintiffs have presented no argument or evidence to suggest these conditions will continue to manifest themselves in behavioral problems as D.C. grows older.   Thus, Plaintiffs would be unable to meet the reasonable expectation prong of the "capable of repetition, yet evading review" exception even if they had established a reasonable expectation of returning to OJUSD.   In any case, because there is no reasonable expectation Plaintiffs will return to OJUSD, the Court need not address the other issues.

establishes they intend to return. Plaintiffs suggest that because D.C.'s grandfather lives in OJUSD, D.C. might have the option to enroll in OJUSD if he so chooses. However, Plaintiffs have not shown the grandfather's residence would, of itself, be sufficient to meet OJUSD eligibility criteria. Furthermore, merely having the option to enroll in the offending school district hardly constitutes a reasonable expectation the student will be subjected to the same offending conduct. *Russman v. Board of Educ. of Enlarged City School Dist. of City of Waterlivet,* 260 F.3d 114, 121 (2d. Cir. 2001). Accordingly, the Court finds Plaintiffs' claim insufficiently capable of repetition.

Lastly, Plaintiffs suggest that to dismiss their claim as moot would allow Defendants to unfairly claim mootness as a consequence of their own misconduct. In paragraphs 39 and 40 of the FAC, Plaintiffs allege, "On November 25, 2009, another incident at school occurred where D.C. was restrained. [¶] As a result of [OJUSD's] restraint, D.C.'s ankle was fractured and had to be placed in a splint. Ms. C. had to take him to several doctor's appointments for examination and treatment of his injury. In addition to being physically injured, D.C. suffered severe emotional distress as a result of this incident . . . . He was so afraid that he has not yet been able to return to school." These allegations suggest D.C. did not voluntarily withdraw from his elementary school, but was forced to leave for reasons related to Defendants' alleged misconduct. If D.C. still resided within the boundaries of OJUSD but attended another school (or did not attend school at all), the Court might be inclined to agree there is little merit to the argument the case is moot simply because D.C. no longer attends school where the alleged misconduct occurred. However, Plaintiffs now reside outside the boundaries of OJUSD, suggesting D.C. would not be legally eligible to attend school in OJUSD even if he wanted to. Moreover, where a defendant brings a factual attack on jurisdiction, as here, the court need not presume the truthfulness of the allegations. *Robinson, supra,* 586 F.3d at 685. The *actual* act that mooted the controversy – Plaintiffs' relocation to another district – was committed by Plaintiffs, not Defendants. Therefore, Plaintiffs must show the act of relocating was somehow induced by Defendants. That was not done here. Thus, insofar as the Court is concerned, Plaintiffs left OJUSD of their own volition; mootness was not forced upon them by the actions of

Defendants.  Accordingly, the Court finds Plaintiffs have not shown a present case or controversy under the second cause of action, and the second cause of action shall be dismissed as moot.

***2. Plaintiffs' third cause of action (violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq.)*** – Next, Defendants move to dismiss the third cause of action for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq.  Under this cause of action, Plaintiffs, incorporating previous allegations by reference, allege as follows:

> "66. Defendants' conduct violated Section 504 of the Rehabilitation Act of 1973 in that Plaintiff D.C. who is a student with a qualified disability, was either not provided programs, services and activities that were provided to non-disabled students, or was provided programs, services and activities that were not equal to, and are inferior to the services provided to students who are not disabled.  Plaintiff D.C. was in fact physically and emotionally harmed by Defendant's employees who used unnecessary and harmful restraint techniques which amounts to disability discrimination . . . . [¶] 67. . . . By using unnecessary and harmful restraint techniques with D.C. that it does not use with non-disabled students, Defendants discriminated against him solely on the basis of his disability . . . . [¶] 68. . . . Through its actions and omissions, including but not limited to: using unnecessary and harmful restraint technique with D.C. and by requiring a waiver of his legal rights in order to receive legally mandated services, placement and assessments, Defendant provided him with an unequal education compared with his non-disabled peers . . . ."

Defendants contend this cause of action should be dismissed because Plaintiffs did not exhaust their administrative remedies for the claim prior to filing suit.

In its previous order granting Defendants' motion to dismiss the third cause of action in Plaintiffs' original complaint, the Court, citing *Payne v. Peninsula School Dist.,* 653 F.3d 863, 875 (9th Cir. 2011), observed: "[E]xhaustion is required when (1) a plaintiff seeks an IDEA remedy or its functional equivalent; (2) a plaintiff seeks prospective injunctive relief to alter an Individual Education Program ('IEP') or the educational placement of a disabled student; or (3) a plaintiff is seeking to enforce rights that arise as a result of a denial of a free appropriate public education ('FAPE'), whether pled as an IDEA claim or any other claim that relies on the denial of a FAPE to provide the basis for the cause of action."  *D.C. ex rel. T.C., supra,* 2011 WL 5828187, at *3.  The Court then concluded that because "Plaintiffs are alleging that Defendants failed to provide Plaintiffs with a § 504 FAPE because Defendants did not meet the individual educational needs of D.C. as

11

adequately as the needs of nonhandicapped persons," "IDEA exhaustion applies to Plaintiffs' third cause of action." *Id.* at *4. The Court found Plaintiffs failed to meet the exhaustion requirement because they did not raise the issue of disability discrimination in their pre-suit administrative proceeding. *Id.* Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Plaintiffs have now alleged compliance with the exhaustion requirement.

In paragraph 11 of the FAC, Plaintiffs allege: "Plaintiff has exhausted his claims under . . . Section 504 of the Rehabilitation Act . . . by having [this] exact cause[ ] of action dismissed by the OAH [Office of Administrative Hearings] for lack of jurisdiction on September 21, 2011." The evidence submitted by the parties confirms that on September 2, 2011, Plaintiffs filed a second due process complaint with OAH specifically alleging, among other things, that the acts and omissions of OJUSD deprived D.C. of his rights under Section 504 of the Rehabilitation Act. The Court has reviewed Plaintiffs' second request for due process and finds that it fairly reflects a claim for disability discrimination in violation of the Rehabilitation Act. On September 21, 2011, an Administrative Law Judge issued an order finding OAH did not have jurisdiction to entertain Plaintiffs' Section 504 claim and dismissing the second due process complaint in its entirety. Accordingly, Plaintiffs have exhausted their administrative remedies with respect to the third cause of action, conferring subject matter jurisdiction over the cause of action on the Court.

## V.  DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the second cause of action in the FAC for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., is GRANTED without leave to amend; Defendants' motion to dismiss the third cause of action in the FAC for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq., is DENIED.

IT IS SO ORDERED.

Dated:   January 25, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE