# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., by and through his parent and guardian ad litem, T.C., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OAKDALE JOINT UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | CASE NO. 1:11-cv-01112-SAB<br><br>ORDER GRANTING PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(ECF No. 61.) |

Plaintiffs D.C. and T.C. ("Plaintiffs") filed a Request for Approval of Proposed Settlement and Release of All Claims on Behalf of a Minor ("Request for Approval") on November 15, 2012. (ECF No. 61.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 202(b)(1) and 230(g). Accordingly, the previously scheduled hearing on January 25, 2013 will be vacated.

For the reasons set forth below, the Request for Approval will be granted.

## I.

## **BACKGROUND**

Plaintiffs brought suit against Defendants Oakdale Joint Unified School District, Katie Craig, Stephanie Hicks, Kathleen Jenkins, Larry Mendonca, Julie Minabe, Rhonda Duarte, Shauna Rico and Cinnamon Simpson ("Defendants") for violations of the Individuals with Disabilities Education and Improvement Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. Plaintiffs' claims arose from D.C.'s enrollment in a school within the Oakdale Joint Unified School District.

1

T.C. is D.C.'s mother and guardian ad litem. Plaintiffs claim that Defendants failed to provide proper programs, services and activities to D.C., who was a qualified individual with a disability. D.C. began having behavioral outbursts at school. The school used restraints and other punishments on D.C. On one occasion, D.C. sprained his ankle when restraints were used.

Defendants filed a notice of settlement on October 17, 2012. (ECF No. 60.) Plaintiffs filed their Request for Approval on November 15, 2012, seeking court approval of the settlement as required by Local Rule 202, because D.C. is a minor. (ECF No. 61.) Although Defendants initially filed an opposition to the Request for Approval on November 16, 2012 (ECF No. 62), Defendants' opposition was later withdrawn (ECF No. 68).[1]

## II.

## LEGAL STANDARDS

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(1) requires initial state court approval in cases where the minor is represented by an appointed representative, except in cases where the U.S. courts have exclusive jurisdiction. Local Rule 202(b)(2) requires the parties to file a motion disclosing: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. Any reports from physicians or other similar experts must also be provided to the Court, if any. Local Rule 202(b)(2). Where the minor is represented by an attorney, the motion must also disclose information regarding the attorney's

---

[1] Defendants initially objected that Plaintiffs failed to allocate settlement funds to pay off a potential Medi-Cal lien and failed to obtain prior state court approval of the settlement. Defendants withdrew their objections after Plaintiffs provided additional information regarding the potential Medi-Cal lien and obtained state court approval of the settlement. Plaintiffs and Defendants jointly filed a proposed order approving the settlement on January 11, 2013. (ECF No. 69.)

2

compensation and relationship with the parties. Local Rule 202(c).

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (holding that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

## III.

## DISCUSSION

The Court finds that the Request for Approval serves the best interests of the minor plaintiff, D.C., and contains the information required by Local Rule 202. The claims in this action were settled for the sum total of $65,000.00, with $30,000.00 to be disbursed to D.C. (held in a Uniform Minor's Account, with T.C. as custodian), $18,379.00 to T.C., $6,689.50 to Mr. Goldsen for legal fees, $6,689.50 to Ms. Loughrey for legal fees, and $3,242.00 to Medi-Cal to satisfy potential liens related to D.C.'s medical treatment. Neither attorney representing Plaintiffs became involved at Defendants' insistence, either directly or indirectly. Neither attorney has any relationship with Defendants. The attorneys representing Plaintiffs worked on a contingency fee basis (25%), and Plaintiffs agreed to reimburse their attorneys for the costs of the lawsuit, which were fronted by the attorneys. The attorneys agreed to accept $13,379.00 (20.6% of the settlement) with no additional fees in lieu of the 25% contingency fee and costs.

The facts and circumstances of the lawsuit involved D.C.'s enrollment in a school within the Oakdale Joint Unified School District. Plaintiffs alleged that the school failed to provide proper programs, services and activities to D.C. to accommodate his disability (attention deficit hyperactivity disorder and specific learning disability). Plaintiffs also allege that the school improperly used restraints on D.C. on multiple occasions, including one occasion where D.C.

sprained his ankle and received medical treatment. D.C. was insured through Medi-Cal and received treatment for his sprained ankle through Medi-Cal.

The proposed settlement was approved by the Superior Court of California for the County of Stanislaus on December 24, 2012.

Based upon the information provided, the Court finds that the proposed settlement is fair, reasonable, and in the best interests of D.C.

## IV.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court grants the Request for Approval. Accordingly, it is HEREBY ORDERED that:

1. The previously scheduled hearing date of January 25, 2013 is VACATED and the parties shall not appear;

2. The settlement between Plaintiffs and Defendants is hereby approved. The sum total of the settlement is $65,000.00, which shall be disbursed as follows: $30,000.00 disbursed to D.C.; $18,379.00 disbursed to T.C., $6,689.50 disbursed to Mr. Goldsen for legal fees, $6,689.50 disbursed to Ms. Loughrey for legal fees, and $3,242.00 disbursed to Med-Cal;

3. The $30,000.00 to be disbursed to D.C. shall be placed in a blocked account at Chase Bank, 120 East Alder Street, Fort Bragg, California, 95437, pursuant to the terms and conditions set forth in the order approving compromise of pending action entered by the Superior Court of California, County of Stanislaus, case number 660360;

4. Plaintiffs and Plaintiffs' counsel are hereby authorized to execute any documents necessary, including a settlement release and dismissal to effectuate this settlement.

5. The entire settlement sum of $65,000.00 shall be paid by Defendants to Loughery and Associates' Attorney Client Trust Account. Loughery and Associates is ordered to thereafter make the appropriate distributions of the settlement funds, including making the deposit of $30,000.00 in the blocked account for Plaintiff D.C., as set forth above; and

6. The parties are ordered to file dispositive documents dismissing this action within **twenty (20)** days.

IT IS SO ORDERED.

Dated:   **January 23, 2013**                              /s/ **Stanley A. Boone**
                                                              UNITED STATES MAGISTRATE JUDGE